UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO JR.,

Plaintiff,

-against-

F.B.I.; KAVANASH, UNDERCOVER AGENT,

Defendants.

20-CV-0239 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Ernest Calvino Jr. brings this action alleging that Defendants violated his rights. By order dated January 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the boxes on the form to invoke the Court's federal question and diversity of citizenship jurisdiction, he writes the following (in the section in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "conspiracy of electronic spying[,] conspiracy of discrimination[,] conspiracy of stanking [sic], harassment, extortion[,] conspiracy of computer theft[.]" (ECF No. 2 at 2.)[1] Where asked to list the place(s) of occurrence, Plaintiff writes "New York, New Jersey, Masschusset [sic]" and where asked to state the date of occurrence, he writes "since." (*Id.* at 5.)

Plaintiff alleges the following:

The F.B.I. of the United States office of the westernd [sic] Massachusset [sic] 1441 Main Street Springfield. I had been investigated by this Federal Authority with out probable cause they not suppuse [sic] to be investigating me under fase [sic] acusation [sic] but they were investigating me, under there [sic] survillas [sic], I probably was taken from the place, I was staying at 1729 Walton Ave. Apt. 34B around February 2018 one day I wake up in the room different since that month probably I was mentaly [sic] monitor by people that were on hided [sic] electronic devices, audio for sure and video, in between this people there was F.B.I., D.E.A. agent that I could listen from area around the window in the room I was staying in, I was harass, discriminated defamated [sic] with fase [sic] acusation [sic], later I was charge with harassment, arrested and send to the 46 Prencint [sic]. We [sic] release I was ilegaly [sic] lock out by the woman that

_____

[1] Page numbers refer to those generated by the Court's electronic case filing system.

2

rented the apt., I was renting renting [sic] the room and move to 321 East Tremont Ave. (shelter)[.]

(*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Plaintiff has filed 45 actions in this Court from December 17, 2019, through January 9, 2020. Seventeen of these actions have been dismissed as frivolous, and Plaintiff has been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See e.g., Calvino v. Hadid*, ECF 1:20-CV-0138, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sportefy Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v All the women that sue me Int'l and Nat'l*, ECF 1:19-CV-11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y.

Jan. 7, 2020); *Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF 1:19-CV-11611, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23, 2019).

By order dated January 10, 2020, Plaintiff was directed to show cause by declaration why he should not be barred as of January 10, 2020, from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff remains warned the further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     January 13, 2020
                New York, New York

                                                              _____
                                                                   COLLEEN McMAHON
                                                              Chief United States District Judge